## THOMAS DARLING *vs.* SAMUEL ROLLINS & *al.*

In the levy of an execution, the appraisement, and the special designation of the estate, must necessarily precede the delivery of possession and seizin thereof, by the officer to the creditor ; and any attempt to deliver seizin before the appraisement, can be of no validity.

When an officer has been directed to levy an execution upon real estate, and an appraisement thereof has been made, it is his duty to deliver seizin and possession of the land to the creditor ; and if the creditor declines to accept it, the officer should return that with the other facts upon the execution, and that the same is in no part satisfied.

The creditor is not obliged to accept seizin of the land appraised, and upon return of the officer of his refusal, is entitled to have an alias execution ; but the original execution cannot be superseded.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

*Darling* presented his petition setting forth, that, on *Jan.* 6, 1840, he delivered an execution in his favor against the defendants to an officer, and that the same was on that day levied upon land of *Rollins*, by appraisement, but that the creditor had not received seizin thereof, and did not wish to receive the land in satisfaction of his execution ; and prayed that " the said levy be annulled, and that a new execution be issued on said judgment," for several reasons set forth. The officer concluded his return on the execution as follows. " And as to further proceedings, the attorney of record to the said creditor entered upon the said real estate, to show the same to the appraisers and myself, to be levied and set off as aforesaid ; and while upon the land, and before the appraisers had appraised the same, I stated to the said attorney, that he might consider the seizin to be delivered to him in order to prevent the necessity of going with him upon the land again, to receive seizin thereof, after the appraisement thereof had been completed, to which the attorney assented and agreed. And the appraisers having afterwards completed appraising the same, as certified in their above certificate, I did not afterwards deliver seizin to him. Wherefore if the levy be completed by the above named proceedings, I return this execution satisfied." The return was signed by the officer.

The District Judge ordered that the execution upon which the

return was made, be superseded and annulled, and that a new execution be issued. To this the respondents excepted.

*Johnson,* for the respondents, insisted, that the execution was satisfied by a levy upon the land. But this is not the proper mode of trying the question. The creditor should have brought debt on the judgment, or *scire facias* to have a new execution. The Judge cannot in this manner set aside an officer's return, and determine whether a title to real estate was acquired by the levy. *Gorham v. Blazo,* 2 *Greenl.* 232 ; *Atkins v. Bean,* 14 *Mass. R.* 404 ; 7 *Cranch,* 278.

*Leavitt,* for the petitioner, said, that the creditor was not obliged to accept seizin of the land appraised, in satisfaction of his execution, and was entitled to a reasonable time to make his election. *Stat.* 1821, *c.* 60, § 27 ; *Gorham v. Blazo,* 2 *Greenl.* 232. The remark of the attorney to the officer, that he would consider seizin delivered, was of no validity, as seizin cannot be delivered until after the appraisement.

The opinion of the Court was drawn up by

WESTON C. J. — The course of proceeding, to be pursued in levying an execution upon real estate, is pointed out by the statute of 1821, *c.* 60, § 27. Appraisers are to be appointed, whose duty it is to appraise the estate, and to set out the same by metes and bounds. And the officer is to deliver possession and seizin thereof, that is, of the estate thus set out, to the creditor or creditors, his or their attorney. It is manifest then, that the appraisement, and the special designation of the estate, must necessarily precede the delivery of possession and seizin thereof by the officer to the creditor. It could not be done previously ; and an attempt to do so, could be of no validity. It does not appear therefore, that the estate levied upon has vested in the creditor, and the execution thereupon satisfied. The levy was incomplete. The officer has not performed the duty, which the law imposed upon him, which is to deliver seizin to the creditor, after the appraisement, if he will accept it, and if he declines to do so, the officer should certify that fact, and that thereupon he returned the execution in no part satisfied. The judgment debtor or debtors, and others interested in the state of the title, might thereupon have access to record evidence that the levy

had failed, and for what reason. And upon such a return, the creditor, who is not obliged to accept seizin of the land levied on, may have an alias execution.

But we perceive no reason why the original execution should be superseded. It issued regularly; and the officer, at the instance of the attorney for the creditor, performed important official acts, in obedience to its precept. That precept requires, that he make due return of his proceedings, in the performance of which both debtor and creditor have an interest. In our judgment, the order to supersede that execution, is not warranted by law.

*Exceptions sustained.*